UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

**FILED**

**9:45 am, Sep 11, 2020**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

WILLIAM B. LeCROY,
pro se, Petitioner,

v.

WARDEN, USP
Terre Haute, Indiana,
Respondent.

Docket No.   2:20-cv-477-JPH-DLP

## PETITION

Martin S. Gottesfeld (herein "Mr. Gottesfeld"), acting without counsel and as next friend to Petitioner William Emmett LeCroy (herein "the petitioner"), hereby petitions The Honorable Court on Due Process grounds to issue a writ of habeas corpus precluding the United States from carrying out the petitioner's death sentence, currently scheduled for Tuesday, September 22, 2020. To enable the adjudication of this matter the petitioner also moves for a stay of execution and for the recruitment of counsel.

## I. INTRODUCTION

Mr. Gottesfeld is now deprived of all law-library access, so he is unsure of the proper procedure for the instant case. He is unable to verify the proper venue for the instant petition.

Given the petitioner's unrepresented status and the government's intended execution date 20 days hence, the petitioner moves this Court in the interest of justice, if and as necessary, either to transfer the instant petition to the proper district court or to issue a stay and forward it to the Honorable U.S. Court of Appeals for construal therein as an application to file a successive Section-2255 petition.

Mr. Gottesfeld is pursuing the steps necessary during his institution's total lockdown to pay the five-dollar filing fee. But he cannot control when the check will issue. (Further, unable to predict the instant docket number, Mr. Gottesfeld cannot include the instant docket no. on the check itself.) The petitioner moves for leave to proceed IFP until the Court receives Mr. Gottesfeld's check.

## II. DUE-PROCESS DELAY

The petitioner was convicted of the relevant crimes in 2001 — at least 18 years ago — and presumably sentenced shortly thereafter followed by timely appeals. Those appeals now long exhausted, the government cannot put the petitioner to death without violating his right against unreasonable delay in carrying out the court's sentence. U.S. Const. amend. V; and Betterman v. Montana (Sotomayor, J., concurring). As Justice Sotomayor outlined in her concurring opinion in (post-trial) Betterman, the relevant test of unconstitutional delay is from Barker v. Wingo. There are 4 factors, none either necessary or sufficient, and none possessing a talismanic quality. Id.

1. The length of the delay

Delays exceeding a year are presumptively prejudicial and require analysis of the remaining factors. The delay carrying out the petitioner's death sentence is far longer and thus weighs heavily in the petitioner's favor for relief.

2. The reason for the delay

The reason for the instant delay is as simple as it is ~~devastating~~: an uninterrupted bipartisan line of 6 U.S. attorneys general found carrying out the death penalty politically unpalatable. The petitioner is utterly blameless for their dilatory conduct. Moreover, they needlessly introduced politics where most inappropriate: the ultimate act of justice. The second factor weighs in the petitioner's favor more heavily than the first.

3. The petitioner's assertion of his right

Mr. Gottesfeld cannot know how the petitioner might have asserted his right against this prejudicial delay. He is denied all law-library access to research the relevant procedural history and he and the petitioner are unacquainted and will never meet. To develop the record on this factor, the Court should recruit counsel to represent the petitioner.

In any event, however, the petitioner may fail on any one Barker factor yet still prevail, because no single factor is

"necessary." Id.

Further, it is "perverse" in some instances to penalize a petitioner for conduct that introduces delay. United States v. Irazerry-Colon (1st Cir.) (holding it "perverse" to penalize a defendant in a Barker analysis for delay introduced by successful STA motions). Here, where the petitioner introduced no delay, it would be perverse to fault him for any alleged failure, effectively, to demand his own death.

The balance of the first three factors clearly favors the petitioner. As such the analysis need go no further. Citation unrecalled. The petitioner continues solely out of an abundance of caution.

## 4. Prejudice to the petitioner

On this factor, Courts find in favor of defendants out on bail charged with lesser crimes and subjected to much shorter delays. The public "obloquy" against the instant petitioner exceeds any reasonable threshold of prejudice. Mr. Gottesfeld reasonably assumes, for example, the petitioner no longer can afford counsel of his choice, his resources long ago drained and his family and community ties taxed to their breaking point or beyond. His long-term incarceration on so-called death row is also "oppressive" under this factor.

The petitioner once again requests counsel to develop the record further as to the prejudice he now faces challenging the execution of his sentence — including prejudice to

challenges he could only file after the government set its September 22nd date, and, which, therefore, the government impermissibly precluded him from filing earlier, in violation of his right against prejudicial delay.

Even on the current record, though, the balance of the Barker factors undeniably favors the petitioner. The government cannot now legally put him to death.

## III. TIME OF FILING

This petition was filed under the prison-mailbox rule; Houston v. Lack, 487 U.S. 266 (1988); by mailing to the Court in an envelope bearing sufficient affixed prepaid First Class U.S. postage and tracking no. 9114 9023 0722 4290 6897 63, handed to Ms. Jamie Wheeler of the FCI Terre Haute CMU unit team in her official capacity as an agent of the United States, Wednesday, September 2, 2020, or the first opportunity thereafter.

Page 5 of 6

## IV. VERIFICATION

I declare, certify, verify, and state that the foregoing is true and correct under the penalty of perjury under the laws of The United States. Executed Wednesday, September 2, 2020. Cf. 28 U.S.C. § 1746.

by: _____

Martin S. Gottesfeld
Rolling Stone-featured human-rights advocate
Reg. No. 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808