UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM EMMETT LECROY, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:20-cv-00477-JPH-DLP |
| WARDEN, | ) ) ) |
| Respondent. | ) |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

William Emmett LeCroy, a federal prisoner at USP Terre Haute, was convicted of carjacking resulting in death and sentenced to death. *See LeCroy v. United States*, 739 F.3d 1297, 1301−12 (11th Cir. 2014) (discussing Mr. LeCroy's offense, trial, sentencing, appeal, and post-conviction proceedings). He is scheduled to be executed on September 22, 2020.

On September 11, 2020, Martin Gottesfeld[1], also a federal prisoner at USP Terre Haute, filed a document entitled "Petition". Dkt. 1 at 1. Mr. Gottesfeld states that he filed the Petition as "next friend" to Mr. LeCroy and alleges that the length of time that has passed between the imposition of Mr. LeCroy's sentence and his execution date violates Due Process. *Id.* at 1-2. The Petition asks the Court to issue a writ of habeas corpus that would stay Mr. LeCroy's execution. *Id.* at 1.

For the Court to be able to consider the issues raised in the Petition, Mr. Gottesfeld must establish standing. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "Standing to sue is a doctrine

---

[1] Mr. Gottesfeld identifies himself as "Rolling Stone – featured human-rights advocate" in the signature block of the petition. He uses the term "petitioner" interchangeably to refer to himself and to Mr. LeCroy. *Compare* dkt. 1 at 2 ("the petitioner moves this Court in the interest of justice" and "The petitioner moves for leave to proceed IFP until the Court receives Mr. Gottesfeld's check."), *with id.* at 2−3 ("The petitioner was convicted of the relevant crimes in 2001 . . ." and "Mr. Gottesfeld cannot know how the petitioner might have asserted his right against prejudicial delay.").

1

rooted in the traditional understanding of a case or controversy. . . . The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).   The "irreducible constitutional minimum" of standing has three elements. *Id.* (quotation marks omitted). The plaintiff must have: (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id; Whitmore*, 495 U.S. at 155. Mr. Gottesfeld has not shown or even alleged that he has suffered an injury that is redressable, so he has not established standing. *Whitmore*, 495 U.S. at 161.

In some circumstances a person may file a habeas corpus petition on behalf of another as a "next friend." A "next friend" does not become the party to the habeas corpus action but simply pursues the case on behalf of another who remains the real party in interest. *Id.* at 163; *see* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). "Next friend" status "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163. The purported next friend must (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action" and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate," perhaps because of "some significant relationship" with the real party in interest. *Whitmore*, 495 U.S. at 163−64.

Here, Mr. Gottesfeld has the burden to "clearly . . . establish the propriety of his status and thereby justify the jurisdiction of the court," *id.* at 164, but he does not allege these requirements are satisfied. To the contrary, he acknowledges that "he and the petitioner are unacquainted and will never meet." Dkt. 1 at 3. He has therefore failed to show that he has "next friend" standing to

bring this a habeas petition on behalf of Mr. LeCroy. Accordingly, the petition for a writ of habeas corpus is **DISMISSED** for lack of jurisdiction. Final judgment shall enter. The **clerk is directed** to send copies of this Order and the final judgment to Mr. Gottesfeld, to Mr. LeCroy's counsel, and to the United States Attorney's Office for the Southern District of Indiana at the addresses below.

**SO ORDERED.**

Date: 9/16/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

WILLIAM EMMETT LECROY
45795-019
TERRE HAUTE – FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Courtesy copies to:

    Martin S. Gottesfeld
    12982-104
    TERRE HAUTE – FCI
    TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
    Inmate Mail/Parcels
    P.O. BOX 33
    TERRE HAUTE, IN 47808

    Stephen Allen Ferrell
    Federal Defenders Services of Eastern Tennessee
    Assistant Federal Defender
    Email: Stephen_Ferrell@fd.org

    Shelese Woods
    United States Attorney's Office − Southern District of Indiana
    10 W. Market Street, Suite 2100
    Indianapolis, IN 46204